UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN EUGENE OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:09-0793 |
| ) | (Crim. Case No. 3:04-00064) |
| UNITED STATES OF AMERICA, ) | Judge Echols |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Docket Entry No. 1), to which the Government has responded in opposition (Docket Entry No. 6), and Petitioner has replied (Docket Entry No. 8). Petitioner's claim arises from the revocation of his supervised release. His sole ground for relief is that counsel was allegedly ineffective in failing to ask the Court to sentence Petitioner to 12 months and 1 day (instead of 12 months), so that Petitioner could earn good time credit during his incarceration.

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). To establish ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v.

1

Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).

A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Strickland, 466 U.S. at 697. A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Id.

Petitioner has wholly failed to carry his burden of showing ineffectiveness. Instead, he conclusorily asserts in his Motion that counsel was ineffective and in his accompanying Memorandum claims that counsel's ineffectiveness led to his "inadvertently . . . serving a sentence of twelve months[.]" (Docket Entry No. 2 at 2).

Petitioner pled guilty to the underlying charge of being a felon in possession of a firearm. His adjusted offense level was calculated to be 17 and, based upon his extensive criminal record, his criminal history category was VI. The Court sentenced him to a term of imprisonment of 51 months (the low end of the guideline range) and a two-year term of supervised release.

After the Petitioner pled guilty to 13 violations of the conditions of supervised release (the majority of which were drug related), the Court sentenced him to 12 months imprisonment. In doing so, the Court pointed out that Petitioner's revocation was as a result of his continued violation of the supervised release term that required him to avoid the use of illegal drugs. Such violations occurred despite the fact that the Court had previously continued an earlier revocation hearing for six months so that the Court could consider Petitioner's progress in complying with the conditions of his supervised release.

2

Still, Petitioner was unable to follow the terms of his supervised release. This inability to follow the law occurred repeatedly, and, over the years, Petitioner obviously did not learn a lesson, even though he previously had been given the benefit of counseling and inpatient treatment for his drug addiction. Therefore, in order to reflect the seriousness of his continued violations of the law while on supervised release and as a deterrent, the Court decided to "do something other than slap [Petitioner] on the wrist" and imposed the 12 month sentence. (Crim. Case No. 3:04-00064, Docket Entry No. 58-1 at 4). The sentence imposed was hardly "inadvertent" and the Court well knows the distinction between a sentence of 12 months and a sentence of 12 months and one day in terms of the actual time which will be served.

Moreover, the record reflects that counsel ably represented Petitioner throughout the course of these proceedings. In fact, despite Petitioner's admission to numerous violations and this Court's decision to sentence him to 12 months imprisonment, counsel was able to persuade the Court to allow Petitioner to voluntarily surrender. However, Petitioner did not report as instructed, requiring that a warrant be issued for his arrest. Counsel also moved to have the Court recommend that Petitioner serve his time at the Federal Correctional Institution in Memphis, Tennessee, and, pursuant to that motion, the Court made that recommendation.

Simply put, Petitioner has not shown that his counsel was ineffective. Petitioner also has not shown that as a result of counsel's representation he suffered prejudice.

Accordingly, Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Docket Entry No. 1) is hereby DENIED and this case is DISMISSED. Further, because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of

3

Petitioner's ineffective assistance of counsel claim debatable or wrong, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE